UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. LACV 15-5030-DOC					Date: September 11, 2015

Title: LONDON FINANCE GROUP, LTD V. INTERNAL REVENUE SERVICE ET AL.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Dwayne Roberts | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |
| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
| None Present | None Present |

PROCEEDINGS (IN CHAMBERS):    ORDER TO SHOW CAUSE RE: DEFERRED RULING ON MOTION TO DISMISS OR STAY PROCEEDINGS

Before the Court is Plaintiff London Finance Group, Ltd.'s ("Plaintiff" or "LFG") Motion to Withdraw the Bankruptcy Court Reference ("Motion") (Dkt. 1). The United States of America ("United States") filed its Opposition on August 31, 2015 (Dkt. 9). LFG filed a Reply on September 8, 2015 (Dkt. 10).

I. Background

Plaintiff filed for Chapter 11 bankruptcy on January 5, 2015. As part of this bankruptcy matter, Plaintiff filed an adversary proceeding in bankruptcy court against the United States, the Internal Revenue Service ("IRS"), and Sherman Mazur ("Mazur") (collectively, "Defendants"). In the Motion pending in this Court, Plaintiff seeks to withdraw the reference for the adversary proceeding to this Court.

As described in more detail below, LFG wants to recover stock certificates that it believes the government wrongfully seized. LFG has sought return of this property

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 15-5030-DOC (JCx)　　　　　　　　　　　　　　　　　　　　Date: September 11, 2015
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 2

through two different means: (1) by asserting a claim for a third party wrongful levy in the bankruptcy adversary proceeding pursuant to 26 U.S.C. § 7426, and (2) by bringing a motion for return of property in Judge Stephen V. Wilson's court pursuant to Federal Rule of Criminal Procedure 41(g).[1]

As the parties note in their briefing, there is a nine-month statute of limitations for a third party wrongful levy claim under 26 U.S.C. § 7426 while the statute of limitations for a 41(g) motion is six years after conclusion of the criminal proceeding. In the instant Motion, Plaintiff argues that this conflict between the statutes of limitations requires mandatory withdrawal of the adversary proceeding to this Court.

As explained below, this Court is inclined to defer ruling on this question, as a ruling on the pending 41(g) motion in Judge Wilson's court is critical to the Court's analysis.

### A.　Earlier Criminal Matter

Resolution of Plaintiff's Motion requires some familiarity with the earlier criminal matter assigned to Judge Wilson, Case No. CR 13-00062-SVW.

In February 2013, the United States arrested LFG's joint business partners, Ari Kaplan ("Kaplan") and Sherman Mazur, for their suspected role in a multi-million dollar securities fraud scheme. Mot. at 3. On the same day of the arrests, the Federal Bureau of Investigation ("FBI") raided the offices of LFG where they seized 1,436,988 shares of Revolution Lighting Technologies, Inc., which were issued in LFG's name. *Id.* After determining that Mazur owed millions of dollars in back taxes to the federal government, the IRS served the FBI with a Notice of Levy for 718,494 shares (Mazur's half of the total shares). Mot. at 4; Opp'n at 2. Thus, the United States retained this portion of the shares.

The criminal charges against Kaplan and Mazur were subsequently dismissed on March 25, 2014.

### B.　Post-Criminal Proceedings

After the dismissal, the United States informed LFG that it had scheduled a sale of the 718,494 LFG shares for January 6, 2015. Mot. at 4; Opp'n at 3. LFG, however, believes that it is the rightful owner of these shares, not Mazur. Thus, in order to stop the

---

[1] Plaintiff's 41(g) Motion has been brought under Case No. CV 15-5042-SVW.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 15-5030-DOC (JCx)                                                                                        Date: September 11, 2015
                                                                                                                                              Page 3

sale, LFG filed a petition for relief under Chapter 11 of the Bankruptcy Code on January 5, 2015.

As part of this bankruptcy proceeding, Plaintiff initiated the separate adversary complaint against Defendants on February 3, 2015. In its amended complaint in the adversary proceeding, Plaintiff seeks recovery of the 718,494 shares. Specifically, LFG has asserted a claim for wrongful levy of the shares pursuant to 26 U.S.C. § 7426. Mot. at 8. On April 20, 2015, Defendants moved to dismiss this claim on the grounds that LFG's wrongful levy action was barred by the relevant nine-month statute of limitation outlined in 26 U.S.C. § 6532(c)(1). Mot. at 5; Opp'n at 1.

In response to the motion to dismiss, Plaintiff has sought to recover the shares in a different way. Specifically, Plaintiff has filed a Motion for Return of Property in Judge Wilson's court pursuant to Federal Rule of Criminal Procedure 41(g). Judge Wilson is scheduled to hear this motion on October 5, 2015.

Given the pending 41(g) motion in Judge Wilson's court, the bankruptcy court has postponed its hearing on Defendant's motion to dismiss in the bankruptcy adversary proceeding.

## II.     Mandatory Withdrawal

In the Motion before this Court, Plaintiff seeks to withdraw the bankruptcy reference for the adversary proceeding. Specifically, Plaintiff argues that the adversary proceeding is subject to mandatory withdrawal because the Court must "decide the potential conflict between the statute of limitations for a third party to seek damages for a wrongful levy under 26 U.S.C. § 6532(c)(1) and the statute of limitations for the filing of a motion for return of property under Federal Rule of Criminal Procedure 41(g) under 28 U.S.C. § 2401(a)." Mot. at 1.

It appears that the resolution of Plaintiff's 41(g) Motion for Return of Property before Judge Wilson may impact the Court's analysis for the present Motion. The hearing date for that motion is scheduled for October 5 in Judge Wilson's court. The Court hereby ORDERS the parties to show cause as to why this Court's ruling on Plaintiff's Motion should not be deferred until Plaintiff's 41(g) motion before Judge Wilson is resolved. Alternately, if the 41(g) motion is resolved, the parties shall supplement their briefing to address the impact of such a decision on their arguments, if any.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 15-5030-DOC (JCx)  Date: September 11, 2015

Page 4

    Both parties shall file a brief of no more than **five pages** responding to this Order on or before **September 18, 2015**. In addition, the parties should notify the Court **within three days** of any decision on the 41(g) motion.

    The Clerk shall serve this minute order on the parties.

MINUTES FORM 11
CIVIL-GEN                                                                                                         Initials of Deputy Clerk:dr